ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **KEVYN OMAR RIVERA ALICEA** DEMANDANTE(S)-RECURRIDA(S) | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **ARECIBO** |
| **V.** | **KLCE202400198** | Caso Núm. **AR2021CV01538** (403) |
| **STEVEN MEDINA MENDOZA** DEMANDADA(S)-PETICIONARIA(S) | | Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 11 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **STEVEN MEDINA MENDOZA** (señor **MEDINA MENDOZA**) mediante *Certiorari* instado el 16 de febrero de 2024. En su escrito, nos solicita que revisemos la *Resolución* dictada el 22 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo.[1] Mediante el aludido pronunciamiento, el foro *a quo* dispuso: "[...] determinamos, a los fines de evitar dilaciones adicionales y ante la falta de conocimiento legal, procesal y evidenciario que entendemos presenta la parte demandada, relevar a la parte demandada de la auto representación".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 22 de diciembre de 2023. Véase Apéndice del *Certiorari*, págs. 1- 2.

Número Identificador:
RES2024_____

- I -

El 28 de octubre de 2021, el señor **KEVYN OMAR RIVERA ALICEA** (señor **RIVERA ALICEA)** incoó *Demanda* sobre incumplimiento de contrato y daños acompañado de *Contrato de Arrendamiento*.[2] El 23 de febrero de 2022, el señor **MEDINA MENDOZA** presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas y *Reconvención*.[3] Posteriormente, el 19 de abril de 2023, el señor **RIVERA ALICEA** presentó su *Contestación a Reconvención*.[4] Ese mismo día, se celebró vista sobre el estado de los procedimientos en la cual, entre otras cosas, se dispuso: "[...] El Tribunal va a permitir a la parte demandada su autorrepresentación por el momento. No obstante, se le apercibe al señor Medina que, si en algún momento procesal surge alguna situación que se entienda que carece de todo conocimiento en cuanto a poder llevar el caso de esta manera, se podrá revocar la autorrepresentación y exigirle que informe cuál será su nueva representación legal".[5]

Luego de varios incidentes procesales, el 21 de diciembre de 2023, se celebró la *Conferencia con Antelación al Juicio*.[6] Dicha audiencia fue convertida en una sobre el estado de los procedimientos ante los inconvenientes para confeccionar el informe y se prescribió: "[e]scuchados los argumentos de las partes, evaluadas las últimas mociones, examinado el expediente y las diferentes incidencias que han ocurrido en el caso, el Tribunal determina que se releva de la auto representación al Sr. Steven Medina Mendoza. Siendo eso así, se ordena al señor Medina Mendoza a que, en el término de 45 días, busque e informe su representación legal. De no contar con los recursos económicos para así hacerlo, tiene que demostrar que visitó las Oficinas de Servicios Legales y/o las Oficinas de Pro-Bono y se tendría que celebrar una vista de indigencia. Para ello, tendría que presentar

---

[2] Véase entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Véase entrada núm. 31 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Véase *Minuta* de 19 de abril de 2023.
[6] Véase *Minuta* de 21 de diciembre de 2023.

la correspondiente moción con las certificaciones de dichas oficinas para poder determinar si se le asigna un abogado de oficio". Así las cosas, se dictaminó la *Resolución* impugnada.

El día 8 de enero de 2024, el señor **MEDINA MENDOZA** presentó una *Moción de Reconsideración* manifestando su inconformidad con la *Resolución*.[7] En respuesta, el 10 de enero de 2024, el señor **RIVERA ALICEA** presentó su *Réplica a Moción de Reconsideración*.[8] Al otro día, el señor **MEDINA MENDOZA** presentó su *Moción de Réplica a Réplica de Reconsideración*.[9] Subsiguientemente, el 17 de enero de 2024, se intimó *Resolución* en la cual se declaró no ha lugar la solicitud de reconsideración.[10]

En desacuerdo con ese proceder judicial, el 16 de febrero de 2024, el señor **MEDINA MENDOZA** recurrió ante este foro revisor señalando el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al determinar No Ha Lugar a la reconsideración presentada por la parte demandada, el día 8 de enero de 2024 y emitir una Resolución con fecha del 22 de diciembre de 2023, donde determinó relevar a la parte demandada de la auto representación.

El 21 de febrero de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado al señor **RIVERA ALICEA**. Después, el 27 de febrero de 2024, el señor **RIVERA ALICEA** presentó su *Alegato en Oposición a Expedición del Auto de Certiorari*.

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

---

[7] Véase Apéndice del *Certiorari*, págs. 3- 5.
[8] *Íd*., Véase Apéndice del *Certiorari*, págs. 6- 8.
[9] *Íd*, págs. 9- 11.
[10] *Íd*, pág. 12.

## - II -

## - A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[11] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[12]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[13] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[14]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[15] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[16] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:[17]

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [18]

---

[11] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc*., 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[12] *Íd.*
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[14] *Íd.*
[15] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, supra.
[16] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[17] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[18] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[19]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[20] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[21]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[22] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[23] Ello, pues distinto al recurso de apelación, este Tribunal

---

[19] *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 404; *800 Ponce de León v. AIG, supra.*
[20] Id.
[21] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop,* 183 DPR 580 (2011).
[22] *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005).
[23] *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 712 (2019).

posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[24]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[25] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[26]

## - B -

Nuestro ordenamiento jurídico provee para que las personas naturales, en los casos civiles ordinarios, puedan auto representarse.[27] En ese sentido, la representación por derecho propio en el ámbito civil está instituida por parámetros procesales estatuidos en la Regla 9.4 de las de Procedimiento Civil de 2009. Específicamente, la norma dispone:

> Las personas naturales en los casos civiles ordinarios podrán autorepresentarse. La persona que se autorepresenta deberá cumplir con los requisitos siguientes:
>
> (a) que la persona no está representada por abogado o abogada;
>
> (b) que **la decisión de autorepresentarse es voluntaria e inteligente**, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;
>
> (c) que la persona puede representarse a sí misma **de manera adecuada, de acuerdo a la complejidad de la controversia** a adjudicarse;
>
> (d) **que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable**, y
>
> (e) que la autorepresentación no va a causar o contribuir a una demora indebida o una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, las partes o sus abogados o abogadas.

---

[24] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra*.

[25] *García v. Asociación*, 165 DPR 311, 322 (2005).

[26] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[27] 32 LPRA Ap. V, R. 9.4.

**El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso.** El incumplimiento con alguno de estos requisitos **será causa justificada para suspender su autorepresentación.** Cuando el tribunal suspenda la autorepresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.

Si una parte durante el transcurso de un proceso desea autorepresentarse, deberá solicitar autorización al tribunal, pero además de cumplir con los incisos (a) al (e) de esta regla, deberá satisfacer los criterios siguientes:

(1) **que la persona ha solicitado autorepresentarse** de forma oportuna, y

(2) **que la persona ha manifestado de manera expresa e inequívoca** el propósito o interés de comenzar con su autorepresentación.

La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 de este apéndice provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada. El tribunal no está obligado a ilustrar a la persona que se representa por derecho propio acerca de las leyes o reglas, ni a nombrarle abogados o abogadas para que le asesoren durante el proceso, ni a inquirir respecto a las razones por las cuales ha elegido la representación por derecho propio, aunque en los casos que estime conveniente para lograr la sana administración de la justicia, deberá así hacerlo.[28]

Los comentarios del *Informe de Reglas de Procedimiento Civil del Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico* sobre la auto representación nos refieren a su procedencia, alcance e interpretación: [29]

El Comité añadió esta regla a los fines de codificar los criterios establecidos por el Tribunal Supremo en <u>Lizarríbar v. Martínez Gelpí</u>, [121 DPR 770 (1988)], donde reconoció el derecho a la representación por derecho propio en casos de naturaleza civil. En éste el Tribunal especificó que el derecho a representarse por derecho propio en casos de esta naturaleza no es absoluto e ilimitado por lo que **estableció una serie de criterios que deben tomarse en consideración al evaluar una solicitud de representación por derecho propio**. También indicó que solo las personas naturales pueden representarse por derecho propio, excluyendo así a las personas jurídicas.

[...]

La exigencia de "conocimientos mínimos necesarios" implica **que la parte que pretende hacer uso de su derecho a autorepresentarse** debe ser capaz de tomar parte en los procedimientos sin entorpecer ni obstaculizar indebidamente el desarrollo de los mismos.

La parte que interese representarse por derecho propio **deberá presentar por escrito autorización al tribunal**. En caso de que lo

---

[28] (énfasis nuestro).

[29] *Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico*, Vol. 1, (marzo 2008). Véase también Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2011, 2da ed. Tomo V, Publicaciones JTS, págs. 1788-1789.

autorice, el tribunal no estará obligado a orientar sobre el proceso ni las leyes aplicables al mismo.

No obstante, si el tribunal lo estima conveniente, y necesario para evitar dilaciones al proceso, y porque entiende que la parte que se autorepresenta carece de los conocimientos para defenderse adecuadamente, podrá revocar la autorización.

La propia Regla 9.4, *requiere que el tribunal se asegure* que la parte litigante en el ejercicio de su auto representación entiende y conozca el alcance y *las consecuencias de su comparecencia por derecho propio* durante todas las etapas del litigio.[30] Igualmente, la disposición procesal autoriza al tribunal a suspender la auto representación cuando estime que la parte litigante *pro se ha incumplido con alguno de los requisitos antes mencionados, por lo que se entenderá que ha mediado causa justificada para la suspensión*.[31]

Ahora bien, el alcance y los efectos para la persona que comparece por derecho propio son característicos, pues está sujeto a que se le impongan las *mismas sanciones* para los abogados y abogadas contempladas en la Regla 9.3 de las de Procedimiento Civil de 2009, así como las consecuencias procesales que las reglas proveen para las partes representadas por abogado o abogada.[32] Esto implica que, aquel litigante que comparece por derecho propio, con autorización del tribunal, será tratado de la misma manera que los abogados, y, en definitiva, estará sujeto a las mismas sanciones procesales y económicas que cualquier otro abogado.

- III -

El señor MEDINA MENDOZA en su recurso punteó que el foro de instancia erró al relevarle de la auto representación. En esencia, fundamentó que solamente se han celebrado dos (2) vistas por videoconferencia de diez (10) minutos de duración. Por ende, relevarle de la auto representación es una decisión apresurada. Además, argumentó que tomó la decisión de presentar el *Informe sobre Conferencia Preliminar entre Abogados* de manera unilateral debido a que el licenciado Carlos R. Cano Robles, representación legal del señor RIVERA ALICEA, obstaculizó una reunión presencial en tres (3)

---

[30] (énfasis nuestro).
[31] (énfasis nuestro).
[32] 32 LPRA Ap. V, R. 9.3. (énfasis nuestro).

ocasiones. Agregó que presentó un escrito para que se le requiriera cumplir con la Regla 37.1 de las de Procedimiento Civil de 2009, y la misma fue declarada *no ha lugar*.[33]

Por su parte, el señor **RIVERA ALICEA** en su alegato en oposición manifestó que el presente litigio lleva alrededor de dos (2) años y por el desconocimiento legal del señor **MEDINA MENDOZA** se ha prolongado innecesariamente. Asimismo, que en múltiples ocasiones le informó al señor **MEDINA MENDOZA** que la reunión para el manejo del caso se llevaría a cabo mediante correo electrónico. Aludió, que le remitió un correo electrónico proveyéndole su parte del informe e indicándole que debía incluir su parte. Amplió que, el señor **MEDINA MENDOZA** insistió en reunirse de manera presencial, pero optó por llevarla a cabo mediante correo electrónico, ello, para disipar cualquier apariencia de conducta impropia dado que comparece por derecho propio. Expuso que el señor **MEDINA MENDOZA** presentó unilateralmente y eliminó información del proyecto de informe sin su autorización y sin su firma digital.

Ahora bien, habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Tal y como hemos expuesto, un tribunal intermedio no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad,

---

[33] Véase entrada núm. 58 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). 32 LPRA Ap. V, R. 37.1. *Regla 37.1. Reunión entre los abogados para el manejo del caso*: En todos los casos contenciosos, con excepción de aquellos bajo las Reglas 45 y 60, los casos de relaciones de familia u otros regulados por leyes especiales, se celebrará una reunión entre los abogados o abogadas de las partes, no más tarde de los cuarenta (40) días desde la última contestación de la parte demandada, del último codemandado emplazado o tercero demandado, o última codemandada emplazada o tercera demandada, o de que haya expirado el plazo para contestar. [...] Como resultado de la reunión, los abogados o las abogadas de las partes prepararán un documento conjunto titulado Informe para el manejo del caso, que incluya los acuerdos alcanzados en ésta, y lo presentarán a la Secretaría del tribunal dentro de los diez (10) días siguientes a la reunión. Se podrá preparar el Informe para el manejo del caso por la vía telefónica, vía fax, por correo electrónico, por teleconferencia o por cualquier otro método. En virtud de este informe, el tribunal calendarizará la conferencia inicial, la conferencia con antelación al juicio o el juicio. Las partes estarán obligadas a actualizar, suplementar, corregir o enmendar la prueba o información que deben intercambiar conforme lo dispuesto en esta regla.

o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

Evaluados los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, consideramos que la etapa del procedimiento en que se presenta este recurso de *Certiorari* no es la más propicia para nuestra intervención. El señor **MEDINA MENDOZA** tampoco ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Además, nada nos movió para inmiscuirnos en el manejo del caso y en la discreción del(de la) juez quien maneja el caso. De igual modo, no observamos ningún error de parte del foro primario al emitir la *Resolución* recurrida.

- IV -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* instado el 16 de febrero de 2024 por el señor **STEVEN MEDINA MENDOZA** de conformidad con la Regla 52.1 de las de Procedimiento Civil de 2009, *supra,* y la Regla 40 del Tribunal de Apelaciones, *supra*.

**Notifíquese inmediatamente.**[34]

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[34] En conformidad con la *Minuta* de 21 de diciembre de 2023, este caso tiene audiencia (conferencia con antelación al juicio) pautada para el 14 de marzo de 2024 a las 11:30 de la mañana.